IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAROLD E. BERRY, et al.,

    Plaintiffs,

vs.    CASE NO. CV-01-J-2051-NW

INTERNATIONAL ASSOCIATION
OF MACHINISTS AND AEROSPACE
WORKERS; et al.,

    Defendants.

## MEMORANDUM OPINION

This cause comes before this court on defendant Tennessee Valley Authority's (TVA) motion to dismiss (doc. 3), and the other defendants' (Union defendants) motion to dismiss (doc. 2), to which the defendants have filed memoranda and exhibits in support of their respective motions.

The plaintiffs allege in their complaint that defendant TVA selected individuals to fill vacant "annual positions" in violation of the collective bargaining agreements it had entered with Union defendants for the purpose of not hiring the plaintiffs and thus selected individuals less qualified than the plaintiffs. Complaint at ¶¶ 20-23. Plaintiffs complain that only "travel" positions were offered for the purpose of excluding plaintiffs from consideration. Id. at ¶ 30. Furthermore, plaintiffs complain that Union defendants refused to file a grievance on their behalf. Id. at ¶ 34. The plaintiffs' complaint asserts that this court has jurisdiction over this action pursuant to §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.



The defendants, in their motions to dismiss and supporting memoranda, state that the plaintiffs were not covered under the collective bargaining agreement which applies to "annual workers," rather they are employed by TVA contractors which have a separate collective bargaining agreement. As plaintiffs were not part of the bargaining unit under the contract in question, they would have no rights under that contract and hence no right to bring a grievance under that contract. Thus, defendants argue there can be no breach of contract or breach of the duty of fair representation under this set of facts. Given that, defendant TVA argues that these plaintiffs lack standing to challenge defendants' actions pursuant to a contract for a bargaining unit of which they are not members. Additionally, defendant TVA notes that the LMRA excludes from coverage "the United States or any wholly owned Government corporation" which would include TVA. 29 U.S.C. § 152(2) (1994).

The plaintiffs are employed by contractors who performed work for the TVA.[1] The TVA also employs full-time workers directly. The collective bargaining agreement under which plaintiffs sue applied only to full-time employees of the TVA ("annual employees"). *See* Exhibit 1 to Union Defendants' memorandum (General Agreement and Supplementary Schedules between Tennessee Valley Authority and the Trades and Labor Council for Annual Employees of the Tennessee Valley Authority). While the plaintiffs had applied for positions as annual employees, they were not such employees and therefore had no rights

---

[1]Plaintiff Gerald W. Hammock has previously been found by this court to not be an annual employee of the TVA. *See Chaney v. Tennessee Valley Authority*, CV 00-J-2310-NW, *aff'd* 264 F.3d 1325 (11th Cir.2001).

2

under that contract. Contractors performing work for the TVA also have a collective bargaining agreement. *See* Exhibit 2 to Union Defendants' memorandum (Project Maintenance and Modification Agreement).

This court is mindful that a complaint should not be dismissed for failure to state a claim unless under no circumstances could the plaintiff prove a set of facts which would entitled him to relief. The court must construe the complaint in the light most favorable to the plaintiffs and take the factual allegations as true. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997).

Under a "hybrid" § 301 of the LMRA, the plaintiffs must show a breach of a collective bargaining agreement by an employer and a denial of fair representation by a union.[2] *See Reed v. United Trans. Union*, 488 U.S. 319, 328 (1989); *Proudfoot v. Seafarer's*

---

[2] Thus, if no breach of the duty of fair representation occurred by defendant union, then whether defendant TVA breached the collective bargaining agreement cannot be reached by this court:
> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on §301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent. 'To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.' " *Mitchell*, 451 U.S., at 66-67, 101 S.Ct., at 1565-1566 (Stewart, J., concurring in the judgment), quoting *Hines*, 424 U.S., at 570-571, 96 S.Ct., at 1059. The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.

*DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 2290 (1983).

This court's role in examining whether the defendant Union breached its duty of fair representation is "highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities." *Air Line Pilots Assn. Int'l v. O'Neill*,

*Int'l Union*, 779 F.2d 1558, 1559 (11th Cir.1986); *Hechler v. Int'l Bhd. Of Elec. Workers, AFL-CIO*, 834 F.2d 942, 943 (11th Cir.1987).

The duty of fair representation requires a union to represent fairly the interests of all bargaining unit members. *IBEW v. Foust*, 442 U.S. 42, 47 (1979). Thus axiomatic is that the duty of fair representation extends no further than the boundaries of the bargaining unit. *See e.g. Allied Chem. & Alkali Workers of Am., Local Union No. 1 v. Pittsurgh Plate Glass Co.*, 404 U.S. 157, 181 n. 20 (1971); *Freeman v. Local Union 135, Teamsters*, 746 F.2d 1316, 1321 (7th Cir.1984).

The fact that this same union has a wholly separate collective bargaining agreement which includes the plaintiffs in the bargaining unit does not entitle the plaintiff to rights under this agreement. Here, plaintiffs applied for jobs which would have brought them within the annual employees bargaining agreement had they been hired.[3] As they were not hired, they had no rights under that agreement. *See Sepulveda v. Pacific Maritime Association*, 878 F.2d 1137, 1139 (9th Cir.1989).

TVA also states that §301 of the LMRA does not apply to the TVA, although the principles of the LMRA apply to a TVA union. *Hester v. Int'l Union of Operating Eng'rs, Local 660*, 941 F.2d 1574, 1580 (11th Cir.1991). This court agrees with this defendant that

---

499 U.S. 65, 78, 111 S.Ct. 127, 1135 (1991).

[3] The court notes that the all of the plaintiffs here were referred by the Union defendants to TVA as candidates for the open positions. Some of the plaintiffs here were actually offered the vacant positions but declined them due to the extensive travel involved. Declaration of Giddy at ¶ 5.

the plaintiffs have an obligation to correctly plead jurisdiction. However, this court finds that even if such jurisdiction was correctly pleaded, the plaintiffs would still fail to state a claim upon which relief can be granted because, as found above, they have no rights under the contract in question.

The court having considered the foregoing, finds that under no circumstances could the plaintiffs prove a set of facts which would entitled them to relief based on the collective bargaining agreement in question. As the plaintiffs have no rights under that contract, they have no standing to sue either TVA or the Union for breach of that contract. The court therefore finds that the defendants' pending motions to dismiss are due to be granted and shall so Order.

**DONE** and **ORDERED** this the 29 day of October, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT COURT

5